UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| RUFUS SIMS, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 12-155-GFVT |
| | ) | |
| v. | ) | |
| | ) | |
| J. C. HOLLAND, *Warden*, | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| Respondent. | ) | **ORDER** |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Rufus Sims is an inmate confined in the Federal Correctional Institution - Gilmer in Glenville, West Virginia.[1] Proceeding without an attorney, Sims has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his underlying convictions. [R. 1]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F.App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)). The Court evaluates Sims's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts Sims's factual allegations as true and construes his legal claims

---

[1] Sims was confined in the Federal Correctional Institution in Manchester, Kentucky, when he filed his petition.

in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The Court has reviewed the petition, but will deny it as an abuse of the writ because Sims could and should have asserted his present claims in a prior § 2241 petition, but did not do so.

**I**

In 1995, a federal jury in Illinois convicted Sims of five counts of money laundering, three counts of structuring transactions to avoid reporting requirements, and one count of conspiracy. The jury acquitted Sims of one money laundering count, one illegal structuring count, one drug conspiracy count, one count brought under the Racketeer Influenced and Corrupt Organizations Act, one count which charged violent crimes in aid of the racketeering organization, two counts of possession and distribution of cocaine, and one count of possession and distribution of heroin. Sims received a 327-month prison sentence. *United States v. Sims*, No. 1:92-cr-00166-1 (N.D. Ill. 1992).

On appeal, the Seventh Circuit affirmed Sims's convictions. *United States v. Sims*, 144 F.3d 1082 (7th Cir. 1998). Rejecting Sims's argument that the jury's acquittal on the drug charges required reversal of the money laundering convictions based upon the underlying drug transactions, the court noted that "inconsistent verdicts in criminal cases do not give rise to a right to new trial or to an acquittal on a related count." *Sims*, 144 F.3d at 1083 (*citing United States v. Powell*, 469 U.S. 57 (1984)).

In 1999, Sims filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The sentencing court denied relief and the Seventh Circuit denied Sims a certificate of appealability. *Sims v. United States*, No. 99-3995 (7th Cir. Jul. 14, 2000). In 2002, Sims filed a Rule 60(b) motion in the sentencing court alleging that he had received ineffective assistance of counsel. Construing the motion as an unauthorized second or successive § 2255

motion, the Court of Appeals vacated the district court's judgment with instructions to dismiss the motion for lack of jurisdiction. *United States v. Sims*, No. 02-2397 (7th Cir. Mar. 28, 2003).

In 2004, while incarcerated in a federal prison located in the Central District of California, Sims filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, again arguing that his trial and appellate counsel were ineffective. The district court dismissed the petition for lack of jurisdiction, construing it as an unauthorized § 2255 motion. *Sims v. Conley*, No. 04–3964 (C.D. Ca. 2004) [R. 23 therein]. The Ninth Circuit denied Sims's request for a certificate of appealability. *Sims v. Conley*, No. 06-55970 (9th Cir. Dec. 21, 2006).

In September 2007, Sims filed another Rule 60(b) motion in the sentencing court, essentially asking for a second chance to file a petition pursuant to section 2255 on the basis of ineffective assistance of counsel. Sims argued that the sentencing court lacked subject matter jurisdiction over his conviction, that he deserved another chance to file a § 2255 petition after *Massaro v. United States*, 538 U.S. 500 (2003), and that his attorney had committed fraud by swearing that he (Sims) had approved his previous § 2255 motion. Sims also filed a motion under 18 U.S.C. § 3582 to amend his sentence based on an amendment to U.S.S.G. §4A1.2(a)(2), an amendment which has not been made retroactive. The district court dismissed the Rule 60(b) motion for lack of jurisdiction as a successive § 2255 motion, and denied Sims's § 3582 motion as meritless. The Seventh Circuit denied a certificate of appealability on the second or successive petition and affirmed the district court's denial of the § 3582 motion. *United States v. Sims*, 08–3837 (7th Cir. Jan. 9, 2009).

On April 10, 2009, while incarcerated in a federal prison located in the Southern District of Illinois, Sims filed another § 2241 habeas corpus petition seeking release from incarceration. Sims argued that the Supreme Court's decision in *United States v. Santos*, 553 U.S. 507 (2008),

3

rendered him actually innocent of his money laundering convictions, and that he could therefore use the savings clause to challenge those convictions under § 2241.  Sims argued that under *Santos'* definition of "proceeds" in the federal money laundering statute, 18 U.S.C. § 1956, his money laundering convictions had become illegal because they were based upon drug transactions of which he was acquitted.  *Sims v. Sherrod*, No. 3:09-cv-279-DRH-DGW (S.D. Ill. 2009).

     Noting that the Supreme Court had not indicated that *Santos* applied retroactively to cases on collateral review, a magistrate concluded that, even if Sims could avail himself of the rule announced in *Santos*, that holding would not establish that he was actually innocent of the money laundering offenses of which he was convicted, and accordingly recommended dismissal of his petition.  *Sims v. Sherrod*, No. 3:09-CV-279-DRH-DGW, 2012 WL 4386313, at **3-4 (S.D. Ill. May 14, 2012).   The district court adopted that recommendation and denied the petition, although on broader grounds.  Concluding that Sims's argument under *Santos* was not foreclosed by Seventh Circuit precedent when he filed his direct appeal or his § 2255 motion, the district court concluded that Sims's § 2255 remedy was not inadequate or ineffective to raise his claim.  *Sims v. Purdue*, No. 3:09-CV-279-DRH-DGW, 2012 WL 4385981, at *3 (S.D. Ill. Sept. 24, 2012).  The court further concluded that, to the extent that Sims argued that his acquittal on the drug conspiracy count necessarily negated all of the elements required to sustain a conviction on the substantive money laundering counts, he was raising the same argument previously considered and rejected on direct appeal: "As explained previously, the Seventh Circuit has rejected petitioner's instant contention, in reliance on [*Powell*].  *Powell* remains good law.  *Santos II* does not implicate the Seventh Circuit's previous decision upholding his convictions."  *Sims*, 2012 WL 4385981, at *4 (internal citations omitted).

4

In his current § 2241 petition, Sims argues that the Supreme Court's ruling in *Cuellar v. United States*, 553 U.S. 550 (2008) renders him actually innocent of his money laundering convictions. In *Cuellar*, the Court held that the term "design," as used in § 1956(a)(2)(B)(i), requires proof of a purpose or plan to transport money. Sims argues that the government did not prove that he "designed" to transport laundered money, and because *Cuellar* was decided after he completed his direct appeal and his first § 2255 motion, he can use the savings clause to challenge his money laundering convictions under § 2241.

## II

The abuse of the writ doctrine bars consideration of the merits of Sims's claim. Sims filed a direct appeal of his money laundering convictions, unsuccessfully arguing that they violated the federal constitution. He has since unsuccessfully challenged his money laundering convictions in numerous post-conviction motions and in a prior § 2241 petition in which he relied on *Santos*. Sims does not refer to *Santos* in his current § 2241 petition - relying instead only on *Cuellar*. This exclusive reliance on *Cuellar* is sleight of hand: the Supreme Court decided *Santos* and *Cuellar* on the same day, June 2, 2008, as companion cases. In both decisions, the Supreme Court interpreted key elements of the money laundering statute, 18 U.S.C. § 1956. In *Santos*, the Court clarified the meaning of the term "profits," while in *Cuellar*, it clarified the meaning of the term "design."

Thus, Sims could and should have raised his argument under *Cuellar* at the same time he raised his closely-related argument under *Santos* in the § 2241 petition he filed in the Southern District of Illinois. A district court may refuse to entertain a repeat application for the writ by a federal prisoner "if it appears that the legality of such detention has been determined by a judge

5

or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255." 28 U.S.C. § 2244(a).

While principles of claim and issue preclusion do not apply in the habeas context in the same manner as they do to a civil claim, *McClesky v. Zant*, 499 U.S. 467, 480–81 (1991) ("*res judicata* does not apply 'to a decision on habeas corpus refusing to discharge the prisoner.'"), but see *Smith v. Reno*, 3 F. App'x 403 (6th Cir. 2001) (applying doctrine of claim preclusion to bar reassertion of claims previously considered and rejected in prior habeas corpus petition filed pursuant to Section 2241), the abuse of the writ doctrine serves a similar role in counseling against considering the merits of the same claim presented in successive habeas corpus petitions. *Dietz v. U.S. Parole Comm'n*, 260 F. App'x 763, 766 (6th Cir. 2008); *Rosales–Garcia v. Holland*, 322 F.3d 386, 398–99 n. 11 (6th Cir. 2003).

"[W]here a prisoner files a petition or engages in other conduct that 'disentitle[s] him to the relief he seeks,' the federal court may dismiss the subsequent petition on the ground that the prisoner has abused the writ." *Kuhlmann v. Wilson*, 477 U.S. 436, 444 n.6 (1985) (internal citations omitted); *see also Zayas v. INS*, 311 F.3d 248, 255 (3d Cir. 2002) (Section 2241 habeas petitions are subject to abuse of the writ doctrine). Sims's attempt to again challenge his federal money laundering convictions on a *Santos*-related issue in this proceeding constitutes an abuse of the writ. *See Allen v. Wilson*, No. 11-001-GFVT, 2011 WL 165389, at *2 (E.D. Ky. Jan. 19, 2011) (applying the abuse of the writ doctrine to bar consideration of the merits of a claim which had been presented in successive habeas corpus petitions).

Even if the claim Sims now asserts under *Cuellar* is not identical to the one he previously asserted under *Santos*, it is one closely related to that claim and one which was available for him to pursue at that time. An abuse of the writ occurs a petitioner asserts similar or related claims in

piecemeal fashion in an attempt to find a sympathetic forum. *Rosales-Garcia*, 322 F.3d at 398 n.12 (holding that a petition is abusive "where a prisoner files a petition raising grounds that were available but not relied upon in a prior petition"); *Skinner v. Hastings*, No. 7:05-370-DCR, 2006 WL 2457934, at *4 (E.D. Ky. Aug. 22, 2006) ("Allowing [a petitioner] to raise any claim in the instant proceeding that he actually raised in [a prior] case would constitute an impermissible successive petition; allowing him to raise a claim that could have been raised in that case would constitute an 'abuse of the writ' which this Court will not permit.")

Under these facts, Sims is not entitled to relief because the Court will not address the merits of his *Cuellar* claims. The Court will deny the § 2241 petition as an abuse of the writ.

### III

Accordingly, it is hereby **ORDERED** that:

1. Petitioner Rufus Sims's petition for a writ of habeas corpus [R. 1] is **DENIED**.

2. The Court will enter an appropriate judgment.

3. This matter is **STRICKEN** from the active docket.

This 15th Day of April, 2013.



Signed By:
*Gregory F. Van Tatenhove*
United States District Judge